# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRADLEY JOHNSON and
FORRER SUPPLY COMPANY, INC.,

        Plaintiffs,

    v.                                               Case No. 08-CV-485

ISCO INDUSTRIES, LLC,

        Defendant.

_____

## ORDER

    Plaintiffs Bradley Johnson ("Johnson") and Forrer Supply Company, Inc. ("Forrer") filed the instant action against defendant ISCO Industries, LLC ("ISCO") seeking a declaratory judgment declaring Johnson's "Non-Competition, Non-Solicitation Agreement" with ISCO illegal, void and unenforceable. The plaintiffs originally filed the action in the Circuit Court of Waukesha County, State of Wisconsin. On June 3, 2008, ISCO filed a Notice of Removal to Federal Court asserting federal court jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. On July 1, 2008, the plaintiffs filed a motion to remand the action back to state court. For the reasons discussed below, the court finds that the suit meets the § 1332 requirements for subject matter jurisdiction and denies the plaintiffs' motion to remand to state court.

## BACKGROUND

Defendant ISCO is a Kentucky limited liability company that provides construction equipment and materials. Plaintiff Johnson is a Wisconsin resident who worked for ISCO as a sales representative in Wisconsin and Minnesota from November 2002 until February 2008. At the outset of Johnson's employment, he signed a "Non-Competition, Non-Solicitation Agreement" ("Agreement") restricting his ability to engage in competing business or to divulge ISCO's competitive information. During his employment, Johnson received bonuses totaling $37,610.40 that were conditioned upon his acceptance of the Agreement. Johnson was ISCO's only sales representative in Wisconsin and Minnesota during his tenure and made millions of dollars in sales for the company. After approximately five years with ISCO, Johnson accepted a national sales manager position at Forrer, a Wisconsin corporation. ISCO then sought to enforce its Agreement against Johnson, which prompted the plaintiffs to file in state court for a declaration that the agreement is unenforceable. ISCO subsequently removed the suit to federal court. In response, the plaintiffs filed the instant motion to remand the case back to state court based on failure to meet the "amount in controversy" requirement for § 1332 diversity jurisdiction.

## STANDARD

Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of

different states. 28 U.S.C. § 1332(a); *See also Munro v. Golden Rule Ins. Co.* 393 F.3d 720, 721 (7th Cir. 2004). In determining the amount in controversy, some circuits look only to the amount at stake for the plaintiff. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). However, the Seventh Circuit deems the "amount in controversy" prong of diversity jurisdiction to be met if either the plaintiff or the defendant claim damages exceeding $75,000. *Id.* ("...the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit. Not all courts take this view but ours certainly does."). This method of determining the amount in controversy is aptly named the "either viewpoint" approach because the jurisdictional minimum can be fulfilled from either the plaintiff's or defendant's viewpoint. *See Countrywide Home Loans, Inc. v. Stewart Title Guar. Co.*, 2007 U.S. Dist. LEXIS 21544, at *4 (E.D. Wis. Mar. 23, 2007) (citing *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002)). A removing defendant may establish the jurisdictional minimum based on the record existing at the time of removal. *Uhl v. Thoroughbred Tech. & Telecomms. Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

**ANALYSIS**

The plaintiffs move to remand their action for declaratory judgment back to state court based on this court's lack of subject matter jurisdiction. Though the plaintiffs concede that the parties are citizens of different states, they assert that the

-3-

suit fails the $75,000 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). The plaintiffs support this assertion by claiming the "amount in controversy" is the loss plaintiffs would suffer if the court enforces the Agreement; a de minimus amount that would not exceed the $75,000 threshold. They further argue that the amount of ISCO's loss from a declaration that the Agreement is void is irrelevant to the amount in controversy determination. However, the plaintiffs rely upon an incorrect "plaintiff's view" standard in their argument. As stated above, the Seventh Circuit employs an "either viewpoint" approach whereby the amount at stake for the defendant can fulfill the jurisdiction minimum amount.

The plaintiffs' action meets the amount in controversy threshold based on ISCO's good faith claims that the value of the litigation exceeds $75,000 from its point of view. The proponent of jurisdiction must present facts suggesting the amount in controversy requirement is met under a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472, F.3d 506, 511 (7th Cir. 2006). In the instant case, ISCO presents adequate facts to establish that the value of the litigation exceeds the jurisdictional minimum amount. ISCO cites the following in support of its argument that the value of the litigation exceeds $75,000 if the court deems the Agreement unenforceable: a) loss of benefit from ISCO's "Non-Competition, Non-Solicitation Agreement" with Johnson and the $37,610.40 in bonuses expressly conditioned upon his acceptance of the Agreement; b) loss of the corporate asset of goodwill that

-4-

Johnson developed with 100 different ISCO customers during his 5 years of employment; c) Johnson's misappropriation of ISCO's customer goodwill to a direct competitor in the same two states, Wisconsin and Minnesota, in which Johnson generated millions of dollars of sales for ISCO; and d) Johnson's use of confidential and proprietary information about ISCO's products and customers to shift business to Forrer – information he acquired at a yearly ISCO sales meeting only five weeks prior to his departure. (ISCO Notice of Removal, pp. 3-4). Finally, ISCO notes that if Johnson employed his knowledge about ISCO's customers and business to shift only 0.5% of its sales to Forrer, "it would represent a shift of approximately $1,100,000 in revenue over the course of one year." (ISCO Notice of Removal, p. 4).

A valuation of Johnson's misappropriation of customer goodwill and confidential information is difficult and inexact, however, the court finds that ISCO satisfies the amount in controversy requirement under a preponderance of the evidence. *See Scaff v. Ralcorp Holdings, Inc.*, No. 06-CV-538-DRH, 2006 WL 3210337, at *2 (S.D. Ill. Nov. 6, 2006) (finding that a defendant employer's claims that a judgment rendering the plaintiff's employment agreement void and unenforceable is valued at more than $75,000 satisfies the amount in controversy requirement because "unless it appears to a 'legal certainty' that the amount will *not* exceed $75,000, jurisdiction should not be denied."). More than $75,000 is at stake for ISCO in this action based on the loss of customer goodwill, loss of the value of

-5-

Johnson's Agreement and bonuses conditioned on acceptance of that Agreement, and the loss of customer information and business to a direct competitor.

More than $75,000 is at stake for ISCO in this action and the jurisdictional minimum amount may be established strictly from ISCO's point of view. *BEM I*, 301 F.3d at 553. Therefore, diversity jurisdiction under § 1332 exists and this court will deny the motion for remand to state court.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for remand to state court based on the lack of subject matter jurisdiction (Docket #12) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 21st day of November, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge